COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER AND NOTICE OF INTENT TO DISMISS FOR WANT OF JURISDICTION

Appellate case name:        Ali Yazdchi v. Maksansam Inc dba Ideal Towing, Oaks
                            Condominium Association, Area 5 Vehicle Storage, The
                            Oaks Condominium Association

Appellate case number:      01-17-00455-CV

Trial court case number:    1085537

Trial court:                County Civil Court at Law No. 2 of Harris County

The Clerk of this Court's July 18, 2017 Notice of Intent to Dismiss for Want of Jurisdiction, among other things, warned the appellant, Ali Yazdchi, that his pro se notice of appeal, filed on June 14, 2017, from the order of dismissal, signed on March 2, 2017, was subject to dismissal because it was untimely filed. *See* TEX. R. APP. P. 42.3(a), (c). That Notice also directed appellant that, because his notice of appeal was filed within the 15-day grace period following a timely motion for new trial, he must file an extension request with a reasonable explanation. *See id.* 26.1(a)(1), 26.3(b).

On July 27, 2017, appellant filed a motion for extension of time to file notice of appeal, claiming that he had untimely filed the notice because he was ill. Accordingly, appellant's motion to extend the time to file the notice of appeal is **granted** because the notice was filed within the 15-day grace period and his motion provides a reasonable explanation for the 14-day delay. *See id.* 10.5(b), 26.1(b), 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

The Clerk's Notice had also warned appellant that, because he had been declared a vexatious litigant and was the subject of three prefiling orders under Section 11.101, this appeal was subject to dismissal unless he files an order from the local administrative judge permitting this appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(a) (West 2013). On July 27, 2017, appellant timely filed a response in this Court enclosing several documents. One of the documents was an "Order and Findings of Fact and Conclusions of Law," signed on March 1, 2017, by the Honorable Robin Brown,

Administrative Judge of County Courts at Law, Harris County, Texas. Judge Brown's Order noted that she had retroactively granted appellant permission on January 10, 2017, to pursue his appeal of a tow hearing from the Justice Court to the County Civil Court at Law No. 2, conditioned on appellant posting a $2,000.00 bond. Appellant also attached a copy of his $2,000.00 bond, filed on March 3, 2017, in the county court.

On August 2, 2017, appellant filed a second response in this Court, attaching another copy of Judge Brown's Order and his bond. Appellant also stated that if this Court needs another permission order, he is happy to get it, if necessary.

Section 11.102(a) provides that a "vexatious litigant subject to a prefiling order under Section 11.101 is prohibited from filing, pro se, new litigation in a court to which the order applies without seeking the permission of: (1) the local administrative judge of the type of court in which the vexatious litigant intends to file," or "(2) the local administrative district judge of the county in which the vexatious litigant intends to file if the litigant intends to file in a justice or constitutional county court." TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(a) (West 2013). The Clerk of this Court may not file an appeal presented by a pro se vexatious litigant subject to a prefiling order unless the litigant "obtains an order from the *appropriate* local administrative judge described by Section 11.102(a) permitting the filing." *Id.* at § 11.103(a) (emphasis added).

Although appellant's permission order from Judge Brown, administrative judge of the County Courts at Law, may have been appropriate for his Justice Court appeal to the County Court, appellant must obtain a permission order from the appropriate local administrative judge for this Court, which sits in the Second Administrative Judicial Region. *See id.* at § 11.102(a). The Honorable Olen Underwood is the presiding judge of the Second Administrative Judicial Region of Texas.

Accordingly, unless appellant files proof that he has obtained a permission order from the Honorable Olen Underwood permitting the filing of this appeal from the county court to this Court, **this appeal may be dismissed for want of jurisdiction without further notice**. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(a); TEX. R. APP. P. 42.3(a), (c); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 11.1035(b) (noting that, if district clerk mistakenly files litigation from vexatious litigant, court shall immediately stay litigation and shall dismiss litigation unless plaintiff obtains order from local administrative judge within ten days of clerk's notice). Appellant's permission order from Judge Underwood, if any, is due **within 10 days** from the date of this Order.

It is so ORDERED.

Judge's signature: /s/ Laura C. Higley
　　　　　　　　☑ Acting individually　　☐ Acting for the Court
Date: August 8, 2017